## Pierce Trust & Savings Bank, Appellant, v. W. F. Sell, Appellee.

### Gen. No. 5,993. (Not to be reported in full.)

Appeal from the Circuit Court of De Kalb county; the Hon. C. F. IRWIN, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed April 15, 1915.

### Statement of the Case.

Action by the Pierce Trust & Savings Bank against W. F. Sell, on a promissory note given by him to the Jobbers Manufacturing Company, a corporation, in payment for shares of its stock purchased by him, which note was purchased by the bank from the payee prior to maturity: The defense to the note was want of consideration in that the jobbers company was insolvent at the date of its execution, knowledge on the part of the bank of that fact at the time it acquired the note, and a conspiracy between the officers of the bank and those of the jobbers company to defraud the defendant. The plaintiff denied the charge of conspiracy, and alleged that it obtained the note in good faith for a valuable consideration in the usual course of business. Judgment was rendered for the defendant and the plaintiff appeals.

When the note became due the defendant informed the plaintiff that he would pay it within a short time, without claiming that he had any defense to the instrument.

The evidence failed to show that the Jobbers Manufacturing Company was insolvent at the time the note was executed, or that the bank purchased the instrument with knowledge that it was given in payment for stock, or that there was a conspiracy between the officers of the bank and those of the jobbers company to defraud the defendant.

At the trial the defendant was permitted to show the financial transactions of the Jobbers Manufacturing Company previous and subsequent to its reorganization as such, without it appearing that such facts were known by any officers of the plaintiff bank.

FAISSLER, FULTON & ROBERTS, for appellant.

A. G. KENNEDY, for appellee; CLIFFE & CLIFFE, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 432*—*when financial transactions of transferrer may not be shown in action by transferee.* In an action against the maker of a note by one who acquired it in good faith before maturity from a corporation to whom the instrument was given in payment for its stock, its financial transactions both before and after its reorganization cannot be shown, where its insolvency is set up in defense to the action, unless it appears that the transferee had knowledge thereof.

2. BILLS AND NOTES, § 248*—*what not sufficient to charge transferee with knowledge of transferrer's insolvency.* The fact that one who acquires in good faith before maturity a note given a corporation in payment for its stock had knowledge of its change from a for-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

eign to a domestic corporation, does not charge him with knowledge that it was financially embarrassed, and that therefore the note was given for valueless stock.

3. BILLS AND NOTES, § 255*—*when holder may recover on note for stock of insolvent corporation.* The holder of a note acquired in good faith before maturity from a corporation may recover thereon against the maker, notwithstanding that the holder had knowledge that the instrument was given the corporation in payment for its stock, where he was not aware at the time the note was given, as well as when he acquired it, that the stock was valueless because of the insolvency of the company.

4. BILLS AND NOTES, § 412*—*who has burden of showing that one is not good faith holder.* The burden of showing that a person is not an innocent holder of a note rests on the maker.

5. BILLS AND NOTES, § 462*—*instruction as to recovery by holder of note given without consideration.* An instruction in an action on a note by a subsequent holder, that he could not recover if the instrument was given without consideration, *held* not to correctly state the law.

CARNES, P. J., took no part in this decision.